

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATT MAUZY,<br><br>                      Plaintiff,<br><br>v.<br><br>JENNIFER MAUZY, and DOES 1-10,<br><br>                      Defendants. | Case No.: 3:25-cv-344-CAB-BLM<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>**[Doc. No. 4]** |

On February 18, 2025, Plaintiff Matt Mauzy filed a complaint against his ex-wife, Defendant Jennifer Mauzy ("Defendant Mauzy"), and Doe Defendants 1-10, alleging assault, intentional infliction of emotional distress, violations of the Computer Fraud and Abuse Act ("CFAA"), the Wiretap Act, and the California Comprehensive Data Access and Fraud Act. [Compl.] Defendant Mauzy filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). [Doc. No. 4.] For the reasons set forth below, Defendant's motion is **GRANTED**.

I.      BACKGROUND

Plaintiff alleges that Doe Defendants hacked into multiple devices and computers of his and that Defendant Mauzy conspired with them to do so. Plaintiff complains that his home internet was tampered with, his iCloud account populated with content that was not his own and related to Defendant Mauzy, and that a home speaker was broadcasting the

voice of Defendant and an unknown man discussing killing Plaintiff through a fentanyl overdose. Plaintiff believes that Defendant "and persons with whom she has contact, were the ones accessing his devices and personal information" because Defendant "appeared to know, at times, information that she would not know unless she had access to [Plaintiff's] personal information." [Compl. ¶ 16.] Plaintiff also alleges that Defendant physically attacked him and, in another instance, pointed a loaded gun at him. [Compl. ¶¶ 21, 28.]

Plaintiff argues that Doe Defendants 1–5 violated Section 1030(a)(2) of the CFAA by accessing his devices without authorization, and that Defendant Mauzy and Doe Defendants 1–10 violated Section 1030(b) by entering an agreement to do so.[1] [Compl. ¶¶ 33–34.]

## II. LEGAL STANDARD

Fed. R. Civ. P. 12(b)(6) permits a party to raise by motion the defense that the complaint "fail[s] to state a claim upon which relief can be granted." The Court evaluates whether a complaint states a recognizable legal theory and sufficient facts in light of Fed. R. Civ. P. 8(a)(2), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Although Rule 8 "does not require 'detailed factual allegations,' . . . it [does] demand . . . more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570); *see also* Fed. R. Civ. P. 12(b)(6). A claim is facially plausible when the collective facts pled "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* There must be "more than a sheer possibility that a defendant has acted unlawfully." *Id.* Facts "merely consistent with a

---

[1] Plaintiff erroneously cites to 18 U.S.C. § 1003 as the CFAA. The Court assumes he intended to refer to 18 U.S.C. § 1030.

defendant's liability" fall short of a plausible entitlement to relief. *Id.* (internal quotation marks omitted). The Court need not accept as true "legal conclusions" contained in the complaint, *id.*, or other "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010). The Court accepts as true all allegations in the complaint and construes the allegations in the light most favorable to the plaintiff. *See Knievel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir. 2005).

### III. DISCUSSION
#### A. CFAA
##### 1. Section 1030(a)(2)(C)

Plaintiff claims that Doe Defendants 1–5 violated Section 1030(a)(2)(C) of the CFAA, which prohibits "intentionally access[ing] a computer without authorization . . . and thereby obtain[ing] . . . information from any protected computer[.]" A protected computer is defined as one that "is used in or affecting interstate or foreign commerce or communication," 18 U.S.C. § 1030(e)(2)(B), or, "effectively any computer connected to the Internet." *hiQ Labs, Inc. v. LinkedIn Corp.*, 31 F.4th 1180, 1195 (9th Cir. 2022).

Under Section 1030(g), a private person injured by violation of the CFAA may bring a "civil action against the violator to obtain compensatory damages and injunctive relief or other equitable relief." However, to do so, the conduct must involve one of the five factors set forth in the statute: (1) loss of at least $5,000 during any one-year period; (2) modification or impairment of medical examination/care; (3) physical injury to any person; (4) a threat to public health or safety; or (5) damage to certain U.S. Government computers. 18 U.S.C. § 1030(c)(4)(A)(i)(I–V). Plaintiff appears to assert his claim based on the first factor, or a loss of at least $5,000. [*See* Compl. ¶ 35.]

In summary, to survive dismissal on this CFAA claim, Plaintiff must plead that Doe Defendants 1–5: (1) intentionally accessed a computer, (2) without authorization, and (3) that they obtained information (4) from a computer involved in interstate or foreign commerce or communication, and that (5) Plaintiff suffered a loss of at least $5,000. *See*

*Facebook, Inc. v. Grunin*, 77 F. Supp. 3d 965, 971 (N.D. Cal. 2015). Plaintiff's claim suffers from multiple pleading deficiencies.

Plaintiff alleges that in fall 2024 he overheard a man on Plaintiff's Bluetooth speaker tell Defendant Mauzy "that it would be simple to kill [Plaintiff] with a fentanyl overdose." [Compl. ¶ 20.] Though the Ninth Circuit's interpretation of a protected computer is expansive, Plaintiff does not plead that his speaker is a protected computer under the CFAA, such as by establishing that it is connected to the internet or otherwise involved in interstate/foreign communication. Plaintiff also does not plead that the man speaking in the conversation was one of the five Doe Defendants who Plaintiff brings his claim against. Furthermore, Plaintiff does not allege that any Defendant obtained any information from the speaker. Plaintiff provides no authority for the notion that using a speaker, or comparable device, constitutes obtainment of information under the CFAA.

Next, Plaintiff alleges that in January 2025 he noticed "strange activity on his electronics and devices" and that the internet stopped working at his home. [Compl. ¶ 23.] He states that an "IT contractor suggested [the internet was] tampered with." [*Id.*] Plaintiff also claims that Defendant Mauzy knew details about his girlfriend. Plaintiff does not plead which device is a protected computer, which Doe Defendant accessed which protected computer, and what information, if any, was obtained. Indeed, Plaintiff does not even expressly allege that Doe Defendants accessed his devices, but only insinuates that they did based on information that Defendant Mauzy allegedly knew about Plaintiff's girlfriend. This is insufficient to survive dismissal. *See Daniels-Hall*, 629 F.3d at 998 (holding that the Court need not accept as true "unwarranted deductions of fact" or "unreasonable inferences").

Later that month, Plaintiff alleges he received calls from his home security system, and that his iCloud account populated with content that was not his own, including notes related to Defendant Mauzy and others. He states that his security system is "the type of system with which [Defendant Mauzy] is familiar." [Compl. ¶ 24.] Plaintiff fails to allege that Doe Defendants are responsible for accessing his home security system or iCloud

account, and what information, if any, was obtained from either. *See Twombly*, 550 U.S. at 555. And again, Plaintiff fails to allege that his home security system is a protected computer. *Cf. Craigslist, Inc. v. Naturemarket, Inc.*, 694 F. Supp. 2d 1039, 1057 (N.D. Cal. 2010) (accepting plaintiff's adequately pled allegations that its computers were used in interstate commerce).

The final allegation also falls short of pleading a CFAA claim. Plaintiff alleges that in February 2025 his security system intercom again streamed the voices of the same unidentified man and Defendant Mauzy discussing harming Plaintiff. [*See* Compl. ¶ 27.] Plaintiff claims that when he confronted Defendant Mauzy after hearing that conversation, "she revealed that she knew that he had been home all day and doing nothing, a fact she could not know unless she or those she is working with had access to his security system, cameras and/or intercom system." [*Id.* at ¶ 28 (internal quotation marks omitted).] Plaintiff fails to plead that his intercom system and home cameras are protected computers, that Doe Defendants intentionally accessed them, or that any information was obtained. As to the camera system, the fact that Defendant Mauzy, his ex-wife, stated that she knew Plaintiff was home all day does not plausibly establish that any Doe Defendant intentionally accessed his camera system and obtained information on his whereabouts—Plaintiff's assertion is pure speculation. *See Iqbal*, 556 U.S. at 678 (facts "merely consistent with a defendant's liability" fall short of a plausible entitlement to relief).

Even if Plaintiff did satisfy the first four factors for his CFAA claim, he fails to sufficiently plead that he incurred a loss of more than $5,000 in a one-year period. The CFAA defines "loss" as "any reasonable cost . . . including the cost of responding to an offense, conducting a damage assessment, and restoring the data, program, system, or information to its condition prior to the offense . . . ." 18 U.S.C. § 1030(e)(11). Plaintiff alleges that he suffered over $8,000,000 in damages due to "relocation costs, forensic investigation and additional security measures employed." [Compl. ¶ 35.] He states that he relocated to a new residence "for his safety and for the protection of his state of mind, and to avoid further attacks." [Compl. ¶ 22.] The Court declines to find that Plaintiff

moving to a new home constitutes a reasonable incurred cost, or that such relocation costs are tied to any unauthorized access of his devices/computers. *See Andrews v. Sirius XM Radio Inc.*, 932 F.3d 1253, 1263 (9th Cir. 2019) (finding the CFAA's definition of "loss" is limited "to harms caused by computer intrusions" and does not include "general injuries unrelated to the hacking itself."). Moreover, without further detail, his mention of forensic investigation costs and additional security measures "merely amounts to '[t]hreadbare recitals of the elements of a cause of action.'" *Delacruz v. State Bar of California*, No. 16-CV-06858-BLF, 2018 WL 3077750, at *8 (N.D. Cal. Mar. 12, 2018) (alteration in original) (quoting *Iqbal*, 556 U.S. at 678) (finding that Plaintiff's assertion that he "incurred over $45,000 in damages and loss per year by conducting a damages assessment to the impairment of the integrity of . . . confidential data and information" was conclusory and insufficient to sustain a CFAA claim).

Accordingly, as Plaintiff fails to sufficiently plead a Section 1030(a) claim against Doe Defendants 1–5, his claim is **DISMISSED** with leave to amend.

### 2. Section 1030(b)

Plaintiff also claims that Defendant Mauzy and Doe Defendants 1–10 violated Section 1030(b), which prohibits conspiring or attempting to commit an offense listed under Section 1030(a). Plaintiff's claim is comprised entirely of speculatory and conclusory statements that Defendant Mauzy "entered into an agreement with one or more persons, Does 1 through 10, to . . . access[] [Plaintiff's] computers or devices." [Compl. ¶ 35.] Terms like "conspiracy" or "agreement" without further facts "stops short of the line between possibility and plausibility." *Twombly*, 550 U.S. at 557; *see also NetApp, Inc. v. Nimble Storage, Inc.*, 41 F.Supp.3d 816, 835 (N.D. Cal. 2014) ("For allegations under § 1030(b), other courts have required specific allegations of an agreement and common activities to state a conspiracy claim."). In addition, like his Section 1030(a) claim against Doe Defendants 1–5, Plaintiff does not tie any facts to specific, numbered Doe Defendants. Instead, he improperly uses them as a catch-all group of unknown and unelaborated hackers. *See Iqbal*, 556 U.S. at 678 (holding that plaintiffs must provide "more than an

unadorned, the-defendant-unlawfully-harmed-me accusation"); *see also Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980) (holding that the use of Doe Defendants is not favored in the Ninth Circuit). Accordingly, Plaintiff's Section 1030(b) claim is **DISMISSED** with leave to amend.

### B. Wiretap Act

Plaintiff brings a Wiretap Act claim against Doe Defendants 3–8. Plaintiff does not offer a single fact to support his assertion that Doe Defendants 3–8 "us[ed] Bluetooth and software applications . . . to [] intercept the substance of [Plaintiff's] oral and written communications." [Compl. ¶ 43.]; *see Daniels-Hall*, 629 F.3d at 998. Plaintiff's claim is **DISMISSED** with leave to amend.

### C. State Law Claims

Plaintiff's federal claims have been dismissed. A district court "may decline to exercise supplement jurisdiction over a claim . . . if the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c). The Court declines to exercise jurisdiction over the remaining state law claims. Accordingly, Plaintiff's state law claims are dismissed pursuant to Fed. R. Civ. P. 12(b)(1).

### IV. CONCLUSION

Plaintiff's CFAA claims against Defendant Mauzy and Doe Defendants 1–10 are **DISMISSED** with leave to amend. Plaintiff's Wiretap Act claim against Doe Defendants 3–8 is **DISMISSED** with leave to amend. Plaintiff's assault, intentional infliction of emotional distress, and California Comprehensive Data Access and Fraud Act claims may be asserted in any amended complaint. If Plaintiff chooses to amend, he has until **July 3, 2025** to submit an amended complaint in accordance with CivLR 15.1.

It is **SO ORDERED**.

Dated: June 12, 2025

Hon. Cathy Ann Bencivengo
United States District Judge