UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATT MAUZY,<br><br>                            Plaintiff,<br>v.<br><br>JENNIFER MAUZY, and DOES 1–10,<br><br>                            Defendants. | Case No.: 3:25-cv-00344-CAB-BLM<br><br>**ORDER GRANTING IN PART MOTION TO MODIFY DISMISSAL**<br><br>**[Doc. No. 11]** |

      On July 15, 2025, Defendant Jennifer Mauzy filed a motion seeking the Court to modify its previous dismissal of Plaintiff's case from without prejudice to with prejudice. [Doc. No. 11.] The Court initially dismissed Plaintiff's complaint with leave to amend because it may have been saved by amendment. *See Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) ("Dismissal with prejudice and without leave to amend is not appropriate unless it is clear . . . that the complaint could not be saved by amendment."). After Plaintiff did not amend by the deadline, Defendant filed a motion to dismiss for failure to prosecute and Plaintiff filed a notice of voluntary dismissal. [Doc. Nos. 8, 9.] The Court subsequently dismissed the case without prejudice. [Doc. No. 10.]

      Defendant states that she seeks to prevent Plaintiff from "simply refil[ing] this action in state court in order to continue harassing Defendant." [Doc. No. 11-1 at 4.] Plaintiff, however, very well may choose to re-file in state court. After dismissing Plaintiff's federal

claims, the Court declined to exercise supplemental jurisdiction over his state law claims. [Doc. No. 7 at 7.] When a court dismisses all federal claims and declines jurisdiction over state law claims, the court should dismiss the state law claims without prejudice. *See Gini v. Las Vegas Metro. Police Dep't*, 40 F.3d 1041, 1046 (9th Cir. 1994). The Court did exactly that. Defendant's motion as to Plaintiff's state law claims is **DENIED**.

Regarding Plaintiff's federal claims, the Court dismissed them pursuant to Fed. R. Civ. P. 12(b)(6) and gave Plaintiff three weeks to amend, which he failed to do. [*Id.*] The fact that Plaintiff subsequently filed a voluntary dismissal (well after the deadline to amend) is of no effect given that the Court already dismissed his claims on the merits. *See Smith v. Arizona*, No. CV-13-00332-PHX-SRB, 2013 WL 11311730, at *3 n.3 (D. Ariz. Dec. 17, 2013). "A district court may dismiss an action with prejudice when a plaintiff fails to file an amended complaint within the allotted time period." *Am. W. Door & Trim v. Arch Specialty Ins. Co.*, No. CV-15-00153-BRO-SPX, 2015 WL 13048440, at *1 (C.D. Cal. Apr. 15, 2015) (citing *Yourish v. Cal. Amplifier*, 191 F.3d 983, 992 (9th Cir. 1999)). Given that Plaintiff's claims were dismissed with leave to amend, and he failed to do so, the Court **GRANTS** Defendant's motion in part and changes the dismissal order from without prejudice to with prejudice as to Plaintiff's federal claims. *See Moser v. Universal Eng'g Corp.*, 11 F.3d 720, 724 (7th Cir. 1993) ("Changing the terms of a dismissal order from without prejudice to with prejudice is within the district court's authority.").

It is **SO ORDERED**.

Dated: July 29, 2025

_____
Hon. Cathy Ann Bencivengo
United States District Judge